```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   HARRISON DIVISION
```

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

      **v.**                      No. 11-30008

**PATRICK DOYLE**                                                         **DEFENDANT**

## O R D E R

NOW on this 16th day of September 2011, comes on for consideration defendant's **Motion to Dismiss Indictment (Doc. 15)** and the government's response thereto (Doc. 16). The Court, being well and sufficiently advised, finds and orders as follows:

### Background

On May 27, 2011, the government filed a criminal complaint against Patrick Doyle alleging that he was convicted in 2003 in Greene County, Missouri, of sexual misconduct involving a child. The government further alleges that, as a result of his state conviction, Doyle is required to comply with Missouri's lifetime sex offender registration requirements. The government alleges that Doyle registered as a sex offender in Missouri and was advised on numerous occasions that, if he moved out of state, he had to meet the registration requirements of that jurisdiction. The government alleges that Doyle was also advised that failure to register as required is a federal offense.

The government alleges that, sometime in 2011, Doyle moved to Harrison, Arkansas, but he did not register as a sex offender in Arkansas as required by Arkansas Code Annotated § 12-12-

906(a)(2)(B)(I). Nor did Doyle advise the Missouri authorities of his relocation out of state.

The Sex Offender Registration and Notification Act (SORNA) was enacted on July 27, 2006. The government alleges that Doyle's failure to comply with Arkansas's registration laws constitutes a violation of SORNA's requirement that Doyle keep his sex offender registration current in the jurisdictions where he resides, 16 U.S.C. § 16913.

On June 29, 2011, the government charged defendant in a one-count indictment for failing to keep his registration current under SORNA, 16 U.S.C. § 16913, which is a federal offense under 18 U.S.C. § 2250.[1]

## **Discussion**

Doyle has moved to dismiss the indictment on the following grounds:

(1) that the provision of SORNA, 42 U.S.C. § 16913(d), granting authority to the Attorney General to apply SORNA's registration requirements to sex offenders convicted prior to the enactment of SORNA violates the non-delegation doctrine;

(2) that SORNA violates the commerce clause because there is an insufficient nexus between the activities to be controlled and interstate commerce; and

---

[1] Section 2250 makes it a crime for anyone who "knowingly fails to register or update a registration as required by [SORNA]. . . ."

(3) that registration under SORNA was legally impossible because Arkansas has not fully implemented SORNA.[2]

In presenting this motion to dismiss, Doyle's counsel concedes that Eighth Circuit precedent forecloses all of his arguments. Nevertheless, Doyle's counsel states that he has filed the present motion to preserve these issues for appeal purposes.

1.  **Non-Delegation Doctrine**

SORNA's registration requirements for sex offenders provides as follows:

> (a) In general. A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
>
> (b) Initial registration. The sex offender shall initially register--
> (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
>
> (c) Keeping the registration current. A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all

---

[2] The government concedes that Arkansas has not yet fully implemented all of SORNA's requirements, however, because both Arkansas and Missouri had procedures in place for sex offenders like Doyle to register, Doyle could have fulfilled his registration obligation under SORNA by registering with the state authorities.

> changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.
>
> (d) Initial registration of sex offenders unable to comply with subsection (b). The Attorney General shall have the authority to specify the applicability of the requirements of this title to sex offenders convicted before the enactment of this Act [enacted July 27, 2006] or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b).

42 U.S.C. § 16913(a)-(d).

On February 28, 2007, pursuant to the authority granted under § 16913(d), the Attorney General made SORNA's registration requirements applicable to "all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of [SORNA]." 28 C.F.R. § 72.3.

Doyle asserts that § 16913(d) violates the non-delegation doctrine because SORNA does not properly outline how the Attorney General is to exercise the authority given to him. The Court does not need to reach this issue because the Eighth Circuit has held that a defendant in Doyle's position lacks standing to challenge § 16913(d). *See United States v. May*, 535 F.3d 912, 920-21 (8th Cir. 2008), *cert. denied*, 129 S. Ct. 2431 (2009).

Specifically, § 16913(d) only applies to sex offenders who are "unable to comply with subsection (b)" –– which is the section that requires sex offenders to initially register either before completing a sentence of imprisonment or not later than 3 business

days after being sentenced if no term of imprisonment is imposed. *See* 42 U.S.C. § 16913(b). The Eighth Circuit in *May* held that the Attorney General's rule making SORNA retroactively applicable to certain sex offenders did not apply to sex offenders, like Doyle, who were required to register under state law before SORNA was enacted. 535 F. 3d at 921. Therefore, because Doyle was required to register under Missouri's sex offender registry program before SORNA was enacted, he lacks standing to challenge § 16913(d).

### 2. **Commerce Clause**

The Eighth Circuit in *May* also held that "SORNA contains a sufficient nexus to interstate commerce" such that it is valid under the commerce clause. 535 F.3d at 922. Thus, Doyle's challenge to the constitutionality of SORNA has been rejected by the Eighth Circuit.

### 3. **Legal Impossibility**

Finally, Doyle asserts that he cannot be in violation of SORNA because SORNA has not been implemented in Arkansas and was not adopted by Missouri until after he was arrested in Arkansas. The Eighth Circuit has also rejected this argument, and has held that "SORNA applies to all sex offenders, regardless of whether the jurisdiction in which the sex offender resides has incorporated SORNA's requirements." *United States v. Foster*, 354 Fed. Appx. 278, 281 (8th Cir. 2009). As set forth above, SORNA requires a sex offender to register "and keep the registration current, in each

jurisdiction where the offender resides. . . ." 42 U.S.C. § 16913(a). Doyle had the ability to register in Arkansas, as well as to notify Missouri of his move. Thus, Doyle's argument that it was legally impossible for him to comply with SORNA's registration requirements fails.

**IT IS THEREFORE ORDERED** that defendant's **Motion to Dismiss Indictment (Doc. 15)** is hereby **DENIED**.

**IT IS SO ORDERED.**

>  **/s/ Jimm Larry Hendren**
>  **HON. JIMM LARRY HENDREN**
>  **UNITED STATES DISTRICT JUDGE**